Hon. T.J. Szymanski County Attorney, Erie County
This is in response to the letter of Assistant County Attorney Justyn E. Miller, wherein he states that the County Clerk of Erie County seeks clarification of the effect of Chapter 438 of the Laws of 1978 which amends the Domestic Relations Law, § 235. Specifically, the Clerk asks three questions:
 1. May she accept an authorization signed by one of the parties as authority to furnish a copy of the information on file in her office to another person or agency?
 2. May she comply with a request for a copy of the information on file in her office if the request comes to her in the form of a letter from one of the parties?
 3. What facts are contained in a "certificate of disposition"?
It is fundamental, before any discussion of this matter is undertaken, to realize the purpose of section 235 of the Domestic Relations Law. This section was designed to make records in matrimonial proceedings which are filed with the Clerk unavailable to the public. We have recently addressed this section in an informal opinion dated September 11, 1978, and we have enclosed a copy of the same for your consideration. The amendments to section 235 (including L 1978, ch 438) have all been added to make it more difficult for persons other than the parties or their attorneys to obtain such information on file and to insure the confidentiality of those records.
In light of the foregoing, we feel that it would be inconsistent with the legislative intent of section 235 to allow the release of the information on file to a non-party even though that person possesses a signed authorization by a party. Section 235 is very specific in designating who may obtain such information. Only a "party, or the attorney or counsel of a party who had appeared in the cause except by order of the court" (section 235, subdivision 1) may have access to the record. This section makes no mention, however, of how or in what form the request for the filed information must take. Therefore, it is our opinion that the Clerk may comply with a request from a party for the filed information even if it comes in the form of a letter.
The third question deals with contents of the "certificate of disposition". Section 235, subdivision 3 clearly indicates what is not to be contained in the certificate and the recent amendment (L 1978, ch 438) further restricts what can be released. Again we refer you to our previous opinion (supra), and add that only the bare minimum should be revealed to enable the applicant to ascertain the "nature and effect" of the disposition, judgment or order for which such application is made. As an example, if the application was for evidence of a divorce, the Clerk should certify that the judgment was filed and whether the divorce was granted or denied.